

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL NO. 1:08CR325 |
| ) | |
| GIANT ENTERPRISES, INC., ) | |
| ) | |
| Defendant.   ) | |

PLEA AGREEMENT

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Natalie A. Voris, Special Assistant United States Attorney, the defendant, Giant Enterprises, Inc., and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant, Giant Enterprises, Inc., through its authorized representatives, Jin Kyung Kim, the defendant's President, and Sun Ki Kim, the defendant's Vice President, agrees to plead guilty to a one-count criminal information charging the defendant with structuring cash deposits, in violation of Title 31, United States Code, Section 5324(a). The maximum penalties for this offense are a fine of $500,000, a period of probation not less than one year nor more than five years and a $400 special assessment.

2. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. Giant Enterprises, Inc., through Jin Kyung Kim and Sun Ki Kim, admits the facts set forth in the

statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

### 3. Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

- a. the right to plead not guilty and to persist in that plea;
- b. the right to a jury trial;
- c. the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and
- d. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

### 4. Role of the Court and the Probation Office

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have

received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738, the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

5.     **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

### 6. Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of four hundred dollars ($400.00) per count of conviction.

### 7. Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code, Sections 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The defendant understands and agrees that, pursuant to Title 18, United States Code, Sections 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613.

### 8. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant or its officers and directors, namely Jin Kyung Kim or Sun Ki Kim, in the Eastern District of Virginia for the specific conduct described in the information or statement of facts.

### 9. Forfeiture Agreement

The defendant agrees to criminally forfeit all interests in any property involved in the structuring violations set forth in the accompanying statement of facts that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the property involved in this offense, in the amount of $120,000. The defendant agrees to forfeit all interests in all property described in the Consent Order of Forfeiture entered in this case. The government

agrees to allow Giant Enterprises, Inc. one hundred and eighty (180) days from the date of entry of the plea to attempt to sell any real property, or to refinance said property, so as to enable the defendant to pay the full amount of forfeiture ($120,000). If full payment of the forfeiture amount is not paid within said 180 days from the date of entry of the plea, the Government shall seize and forfeit any such property.

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

10.   **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

**11.    Payment of Taxes**

The defendant consents to any motion by the United States under Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, to disclose grand jury material to the Internal Revenue Service for use in computing and collecting the defendant's taxes, interest and penalties, and to the civil and forfeiture sections of the United States Attorney's Office for use in identifying assets and collecting fines and restitution. The defendant further agrees to make all books, records and documents available to the Internal Revenue Service for use in computing defendant's taxes, interest and penalties for the years 2002 through 2007.

**12.    Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that

is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

### 13. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Chuck Rosenberg
United States Attorney

By: _____
Natalie A. Voris
Special Assistant United States Attorney

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 8/21/08 _____
Giant Enterprises, Inc.
Defendant

Seen and Agreed By:

Date: 8/21/08 _____
Jin Kyung Kim
President

Date: 8/21/08 _____
Sun Ki Kim
Vice President

Defense Counsel Signature: We are counsel for the defendant in this case. We have fully explained to the defendant the defendant's rights with respect to the pending information. Further, we have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and we have fully explained to the defendant the provisions that may apply in this case. We have carefully reviewed every part of this plea agreement with the defendant. To our knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 8/21/08 _____
Barry Coburn
Counsel for the Defendant

Date: 8/21/08 _____
Jeffrey Coffman
Counsel for the Defendant